# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,  )
   )
　　　　Plaintiff,  )
   )   2:11-cr-00311-GMN -VCF-1
v.  )
   )   **O R D E R**
DARREN LEE DILLINGHAM,  )
   )
　　　　Defendant.  )

Before the court is the matter of *United States v. Dillingham,* (Case No. 2:11-cr-00311-GMN -VCF-1). On February 13, 2012, defendant Darren Lee Dillingham filed a Motion To Compel Marshals To Produce All Evidence and Reports Pertaining To Use Of Force Incident. (#32). Defendant argued that this evidence was "not only relevant to Mr. Dillingham's current continued detention at the facility, but it is critical to his sentencing currently scheduled for February 23, 2012," and, "[m]ore importantly to [d]efendant, the information remains critical to his decision to pursue civil litigation." *Id.*

On February 27, 2012, the government filed an opposition to the motion to compel, asserting that the government "does not presently possess documents responsive to the [d]efendant's request," but that since "the [g]overnment recognizes that a potential *Brady* argument could be made in reference to the documents at issue," "the [g]overnment has no opposition to their production, although a [c]ourt [o]rder compelling CCA's production of the documents will likely be required." (#37). The government also asserted that "[t]o the extent that [d]fendant Dillingham is requesting the requested documentation because it is "...critical to his decision to pursue civil litigation" (Def. Motion at 3), this request is not properly generated through this criminal case, nor is it a proper function of the Office of the Federal Public Defender to pursue the subject records on those grounds." *Id.*

The court held a hearing on the motion to compel on March 12, 2012 (#42), and issued an order on March 16, 2012 (#43). The court ordered the CCA to "produce forthwith to Assistant United States

Attorney Bradley W. Giles, any and all report, communications and findings in relation [to] a December 23, 2011, use of force incident involving Defendant Darren Lee Dillingham at a CCA facility in Pahrump, Nevada." (#43). The court further ordered that "upon receiving the documentation from CCA, AUSA Giles shall produce those documents to this Court for an in-camera review," and that "[f]ollowing that review, materials pertinent to the above-captioned criminal case will be made available to counsel." *Id.* On March 21, 2012, the court entered a minute order vacating defendant's sentencing and rescheduling it for June 8, 2012. (#45).

On April 26, 2012, the government filed a "Lodging of CCA Response to Order for Production of Documents," and attached a letter from CCA's counsel asserting that counsel is aware of the court's order requiring the production of documents, and that counsel will make a "production of reports and factual materials to respond to Mr. Dillingham's requests." (#49 Exhibit A). On May 1, 2012, Judge Ferenbach's chambers received documents from AUSA Giles in response to the court's order (#43). Upon review of the documents, the court finds the following documents to be pertinent to the above captioned case: (1) a letter dated May 1, 2012, addressed to Judge Ferenbach, (2) a letter dated April 30, 2012, addressed to AUSA Giles, (3) documents bates stamped CCA 0010-0042, and (4) documents bates stamped CCA 0051-0055.

Accordingly, and for good cause shown,

IT IS ORDERED that beginning on Wednesday, May 9, 2012, and ending on Tuesday, May 15, 2012, the above listed documents will be available in Judge Ferenbach's chambers for defense counsel's review. Defense counsel may not make copies of the documents, and is limited to review and/or taking notes. Defense counsel shall contact Judge Ferenbach's chambers to schedule a time to review the documents.

IT IS FURTHER ORDERED that if defense counsel believes, after reviewing the documents, that evidence contained in the documents is material either to guilt or to punishment, defendant shall have until May 21, 2012, to file a SEALED motion for the court to release the documents for

2

defendant's use during sentencing.  See *Brady v. Maryland,* 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).  The defendant shall serve a copy of the motion on the government by receipt of copy. Any response from the government, which shall also be filed under seal, is due within five days from receipt of the defendant's motion.

DATED this 8th day of May, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**